UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELTA AIR LINES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TDM INVESTMENTS, LLC d/b/a | ) |
| GiftCardSpread.com and JOHN DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR INJUNCTION AND DAMAGES**

Delta Air Lines, Inc. ("Delta" or "Plaintiff") files this Complaint for Injunction and Damages ("Complaint") against Defendants TDM Investments, LLC d/b/a GiftCardSpread.com ("TDM") and John Does 1-5 (collectively, "Defendants"), whose intentional trademark infringement, unfair competition, breach of contract, tortious interference with contracts, and other wrongful acts have caused and continue to cause substantial and irreparable harm to Delta. Delta shows as follows:

*Overview of Defendants' Wrongful Acts*

1. Delta sells gift certificates to the public in the form of physical Delta-branded gift cards ("Delta Cards") and electronic gift codes ("Delta eGifts").

2. Delta Cards and Delta eGifts are subject to specific written terms and conditions which regulate their sale, purchase, and use by consumers. Specifically, Delta Cards and Delta eGifts "may only be sold by Delta and Delta-licensed vendors."

3. TDM is a business which purports to purchase and sell physical and electronic gift cards.

1

4. As part of TDM's business operation, they solicit for the purchase of Delta Cards and Delta eGifts from the general public. They then re-sell the Delta Cards and Delta eGifts at a price which is less than their face value.

5. TDM has used and continues to use, without authorization or permission, the DELTA name and marks in connection with its business of buying and selling Delta Cards and Delta eGifts.

6. TDM is not licensed or otherwise authorized to buy or sell Delta Cards and/or Delta eGifts. TDM's offers to purchase and sell Delta Cards and/or Delta eGifts creates a likelihood of confusion regarding TDM's affiliation, connection, association with Delta and/or the origin, sponsorship, or approval of Delta with regard to such transactions.

7. TDM's purchase and sale of Delta Cards and Delta eGifts violates the written terms and conditions for Delta Cards and Delta eGifts. Further, TDM causes Delta customers to breach those same terms and conditions when it induces them to sell their Delta Cards and/or Delta eGifts to TDM.

8. Delta now brings this action to prevent the further misuse and misappropriation of its name, marks, and other intellectual property by TDM; to cause TDM to cease and desist from further use of the Delta name and marks; to cause TDM to cease and desist from any and all transactions involving Delta Cards and/or Delta eGifts; and to recover damages arising from TDM's willful and bad faith actions and other wrongful acts.

## JURISDICTIONAL ALLEGATIONS

*Plaintiff*

9. Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia

30320. Delta has been and is engaged in substantial business activities within this judicial district.

## *Defendants*

10. Defendant TDM Investments, LLC d/b/a GiftCardSpread.com is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. It may be served at its principal place of business at 820 N. Orleans St., Suite 330, Chicago, Illinois 60610, or by service on its registered agent, Isha Khurana at the company's registered office at 820 N. Orleans St., Suite 207, Chicago, Illinois, 60610.

11. Defendants John Does 1-5 are the as-yet-unidentified principals, agents, officers, directors, managers, employees, alter-egos, and co-conspirators of TDM and who personally ordered, directed, authorized, ratified, or otherwise approved of the tortious and infringing conduct described herein.

## *Personal Jurisdiction*

12. Defendant TDM is an Illinois company with its principal place of business in Chicago, Illinois. Personal jurisdiction over Defendant TDM is proper in this judicial district.

## *Subject Matter Jurisdiction and Venue*

13. This Court has subject matter jurisdiction over all claims presented in this Complaint.

14. Specifically, this Court has subject matter jurisdiction over the Federal Claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C. § 1114 et seq. (the Lanham Act).

15. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the laws of the State of Illinois pursuant to, among other sources, 28 U.S.C. § 1367(a)

because the state law claims are so related to the federal law claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

16.     Venue is proper in this judicial district.  Upon information and belief, Defendant TDM's principal place of business is within the geographic jurisdiction of this judicial district.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

*Delta and the Delta Marks*

17.     Delta is one of the world's largest commercial airlines, generating over 36 billion dollars in annual revenue and offering service to more destinations than any other global airline, with carrier service to roughly 325 destinations in almost 60 countries on six continents.  Delta serves more than 160 million customers each year and offers more than 15,000 daily flights worldwide.  Through Delta's long and successful efforts, its DELTA Mark and Delta's other registered marks, which are listed below, have earned extensive goodwill, favorable recognition, and a worldwide reputation for high-quality products and services.  Delta was named 2014 Airline of the Year by Air Transport World magazine and was named to FORTUNE magazine's list of the 50 Most Admired Companies.

18.     Delta offers and sells its goods and services under and in conjunction with, among others, the following DELTA-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
| --- | --- | --- |
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |

4

19. Delta offers and sells its goods and services under and in conjunction with, among others, the following WIDGET LOGO-related trademark and service mark registrations in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

20. Delta offers and sells its goods and services under and in conjunction with, among others, the following SKYMILES-related trademark registration in the United States:

| Reg. No. | Mark | Registration Date |
|---|---|---|
| 1968255 | SKYMILES | April 16, 1996 |

21. True and correct copies of records from the United States Patent and Trademark Office showing the registration status of the above-listed marks are attached hereto as Exhibit A.

22. These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations, specifically including the DELTA, WIDGET LOGO, and SKYMILES Marks (collectively, the "Delta Marks"), have since acquired "incontestable" registration status. Delta has also acquired significant nationwide common law rights in the Delta Marks.

23. The Delta Marks serve as unique and famous source identifiers for Delta and its various goods and services, including air transportation and other travel-related services.

24. Delta has invested billions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the Delta Marks, both in the United States and worldwide. Delta advertises through a variety of media, including the Internet (on Delta's own website, as well as the websites of authorized third-parties), television, radio, newspapers, magazines, and direct mail.

25. Through Delta's longstanding use and promotional activities related to the Delta Marks, and due to the widespread and favorable public acceptance and recognition of those Marks, the Delta Marks have become a distinctive designation of the source of origin of Delta's goods and services.

26. The Delta Marks have become uniquely associated with Delta and its high quality goods and services.

27. The Delta Marks are assets of incalculable value as symbols of Delta, its high-quality goods and services, and its goodwill.

28. By reason of Delta's extensive promotion and sale of its highly regarded goods and services, the Delta Marks have acquired valuable goodwill, recognition, and renown. The public has come to recognize these marks as signifying Delta.

29. By virtue of its extensive use and promotion over the years, the Delta Marks have developed valuable distinctiveness and secondary meaning in the marketplace. These marks have attained a significant and lasting presence in the marketplace, causing the marks to achieve high recognition and value among consumers.

30. Other than Delta and its authorized affiliates, licensees, and partners, no one is permitted to use any of the Delta Marks for commercial gain.

31. No Defendant is authorized to use any of the Delta Marks.

32. As is detailed below, Defendant TDM has illegally and in bad faith misappropriated for profit the venerable Delta Marks.

## *Delta Cards and eGifts*

33. As part of its business of selling air travel and related services, Delta sells Delta-branded physical gift cards ("Delta Cards") and electronic gift codes ("Delta eGifts").

6

34. All sales of Delta Cards and Delta eGifts are governed by mandatory written terms and conditions (the "Delta Gift Card Terms and Conditions"). A true and correct copy of the Delta Gift Card Terms and Conditions is attached hereto as Exhibit B.

35. Amongst other terms and conditions governing the sale, purchase, and use of Delta Cards and eGifts is the following:

> **eGifts and Cards may only be sold by Delta and Delta-licensed vendors.** eGifts and Cards that are for sale or sold by an unlicensed vendor are subject to confiscation or voiding by Delta.

(emphasis added).

### *Defendant TDM's Website*

36. Defendant TDM's business is operated through a website at the URL www.GiftCardSpread.com (the "Website").

37. Upon information and belief, the business conducted by TDM through the website consists of: (1) the purchase of physical and electronic gift cards from the general public at a price substantially lower than the "face value" of the gift card; and (2) the re-sale of these physical and electronic gift cards to the public at a price that is slightly discounted from the "face value" of the gift card.

38. Via the Website, Defendant TDM offers to purchase Delta Cards and Delta eGifts from the public.

39. Via the Website, Defendant TDM offers to sell Delta Cards and Delta eGifts to the public at a price that is discounted from the as-advertised face value of the Delta Card and/or Delta eGift.

40. Defendant TDM is not authorized by Delta to sell Delta Cards or Delta eGifts.

41. Defendant TDM is not licensed by Delta to sell Delta Cards or Delta eGifts.

42. Delta initially became aware that Defendant TDM was engaged in the purchase and sale of Delta Cards and Delta eGifts via the Website on or about January 2, 2018.

43. At that time, Defendant TDM was advertising Delta Cards and eGifts using an image of a Delta Skymiles membership card. A true and correct copy of the Website advertising Delta Cards and eGifts in this manner is reproduced below and attached hereto as Exhibit C.



44. A larger version of the Skymiles card image used by Defendant TDM prior to January 11, 2018 is displayed here:



8

45. The image of the Skymiles membership card features the DELTA Mark, the SKYMILES Mark, and two versions of the WIDGET LOGO Mark.

46. The image used by Defendant TDM does not resemble an actual physical Delta Gift Card, as depicted below:



47. At all times since the Website became known to Delta, Defendant TDM has displayed Delta Cards and Delta eGifts on the home page of the Website in a special category for "Best Sellers," and stating the number of Delta Cards and Delta eGifts in TDM's inventory and the average discount (from face value) offered by TDM.

48. Defendant TDM's Website also includes a page where users can check their Delta Card and/or Delta eGift balance by selecting Delta's name from a list which connects the user to the page of Delta's official website for Delta Cards and Delta eGifts.

49. On or about January 10, 2018, Delta sent a cease-and-desist letter (the January 10 Letter) to Defendant TDM demanding that TDM immediately: (1) stop all transactions involving Delta Cards and Delta eGifts; (2) remove all references to Delta and all Delta Marks from the

Website; (3) disable all links from TDM's Website to Delta's website; and (4) pursuant to the provisions of the Delta Gift Card Terms and Conditions (cited above), surrender all Delta Cards and Delta eGifts currently in TDM's possession. A true and correct copy of the January 10 Letter is attached hereto as Exhibit D.

50. As of the date of this Complaint, Defendant TDM has not responded to the January 10 Letter.

51. Shortly after Delta received confirmation that Defendant TDM had received the January 10 Letter, the image on the Website used in connection with Delta Cards and Delta eGifts (i.e., the image of the Skymiles membership card appearing at Paragraph 44, above) was replaced by a navy blue rectangle with the word "DELTA" in all capital letters.

52. A true and correct copy of the Website as it appeared on February 6, 2018 is attached hereto as Exhibit E.

53. As is clear from Exhibit E, TDM is continuing to offer to purchase and sell Delta Cards and Delta eGifts, and is doing so by prominently displaying Delta's name and the Delta Marks on its Website.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

54. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as if set forth in full.

55. Defendant TDM's unauthorized use in commerce of the DELTA, WIDGET LOGO, SKYMILES, and other Delta Marks on and in conjunction with their Internet Website and the purchase and sale of Delta Cards and Delta eGifts is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Delta's registered trademarks pursuant to 15 U.S.C. § 1114.

56. Defendant TDM has used, and is continuing to use, the DELTA Marks with full knowledge of Plaintiff's prior and extensive rights in the marks and with an intent and purpose to trade upon the goodwill of the Delta Marks. Defendant TDM's infringement is therefore intentional, willful, and deliberate.

57. Defendant TDM is directly, contributorily, and vicariously liable for the infringement of the Delta Marks.

58. As a result of Defendant TDM's acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant TDM will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT II
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

59. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

60. Defendant TDM has and is engaged in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

61. Defendant TDM has used and is using without authorization the Delta Marks.

62. Defendant TDM has made and is making false express and implied representations that the services offered by TDM originates with, are associated with, and/or are endorsed or allowed by Delta in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that, contrary to fact, Defendants' products and services are sponsored by, approved by, or otherwise endorsed by Delta.

63. Defendant TDM's unauthorized use in commerce of the Delta Marks constitutes a false designation of origin and false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant TDM and/or its products and services are offered by Delta, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Delta.

64. Defendant TDM's unauthorized use in commerce of the Delta Marks in connection with TDM's marketing, distribution, promotion, and sale to the consuming public of services and goods (specifically Delta Cards and Delta eGifts) constitutes a misappropriation of the distinguishing and identifying features that Delta created through substantial effort and expense.

65. Defendant TDM's actions constitute violations of 15 U.S.C. § 1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that TDM causes to enter into or to affect interstate commerce.

66. Defendant TDM has used and is continuing to use the Delta Marks with full knowledge of Delta's extensive and longstanding rights in those marks and therefore with an intent and bad faith purpose to trade upon the goodwill of those marks.

67. Defendant TDM's infringement is willful and deliberate.

68. Defendant TDM's unauthorized use in commerce of the Delta Marks constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69. Defendant TDM's acts have irreparably damaged, impaired, and diluted Delta's goodwill and good name. Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court,

Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT III
## TARNISHMENT OF A FAMOUS MARK (15 U.S.C. § 1125(C))

70. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

71. Defendant TDM's use of the famous Delta Marks in the manner described herein creates an undesirable, unwholesome, and unsavory association with Delta and its reputation.

72. Defendant TDM's use of the Delta Marks is grossly inconsistent with the image and goodwill cultivated by Delta through and in relation to the use of those marks.

73. Defendant TDM's activities complained of herein constitute tarnishment, a special form of dilution within the meaning of the Lanham Act, 15 U.S.C. § 1125(c).

74. As a result of Defendant TDM's acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT IV
## BREACH OF CONTRACT
## (ILLINOIS COMMON LAW)
## (GIFT CARD TERMS AND CONDITIONS)

75. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

76. The Delta Gift Card Terms and Conditions (see Exhibit B) is a valid and enforceable contract governing the purchase, sale, and use of Delta Cards and Delta eGifts.

77. Delta performs its obligations pursuant to the Delta Gift Card Terms and Conditions by creating and maintaining the value of the Delta Cards and Delta eGifts issued by it (and its licensed vendors) to bona fide purchasers.

78. By purchasing Delta Cards and Delta eGifts from consumers and re-selling Delta Cards and eGifts from consumers, Defendant TDM has breached the terms of the Delta Gift Card Terms and Conditions providing that only Delta and Delta-licensed vendors may sell Delta Cards and Delta eGifts.

79. As a direct result of Defendant TDM's unauthorized sale of Delta Cards and Delta eGifts, Delta has been injured in an amount to be proved at trial.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACT
## (GIFT CARD TERMS AND CONDITIONS)

80. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

81. The Delta Gift Card Terms and Conditions (see Exhibit B) is a valid and enforceable contract governing the purchase, sale, and use of Delta Cards and Delta eGifts between Delta and consumers who purchase (or otherwise receive) Delta Cards and/or Delta eGifts.

82. Defendant TDM is aware of the Delta Gift Card Terms and Conditions.

83. Defendant TDM, intentionally and without justification, has induced Delta customers who have purchased or otherwise received Delta Cards and/or Delta eGifts to breach the Delta Gift Card Terms and Conditions by selling their Delta Cards and/or Delta eGifts to Defendant TDM in direct violation of the terms of that agreement.

84. As a direct result of Defendant TDM's inducement of these breaches, Delta has been injured in an amount to be proved at trial.

14

## COUNT VI
## UNFAIR COMPETITION
## (ILLINOIS COMMON LAW)

85. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

86. TDM's representations that it is an authorized buyer and/or seller of Delta Cards and Delta eGifts as described herein constitute false and misleading descriptions of fact and misleading representations of fact in commercial advertising and promotion, and misrepresent the endorsement, approval, or provision of permission by Delta to TDM and/or that TDM's products and services are sponsored, approved, or otherwise endorsed by Delta.

87. Such false and misleading descriptions of fact and misleading representations of fact constitute unfair competition in violation of the common law of the State of Illinois.

88. TDM's unfair competition is willful and intentional, with deceptive intent.

89. TDM's conduct is in willful and wanton disregard of Delta's valuable rights and property and of the law and practices of advertising. By such conduct, TDM knowingly seeks to misappropriate Delta's valued customers and to injure and tarnish Delta's valuable goodwill and reputation.

90. As a direct result of Defendant TDM's acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant TDM will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT VII
## TRADEMARK INFRINGEMENT
## (ILLINOIS COMMON LAW)

91. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

15

92. Defendant TDM's unauthorized use in commerce of the DELTA, WIDGET LOGO, SKYMILES, and other Delta Marks on and in conjunction with their Internet Website and the purchase and sale of Delta Cards and Delta eGifts is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Delta's registered trademarks under the common law of the State of Illinois.

93. Defendant TDM has used, and is continuing to use, the DELTA Marks with full knowledge of Plaintiff's prior and extensive rights in the marks and with an intent and purpose to trade upon the goodwill of the Delta Marks. Defendant TDM's infringement is therefore intentional, willful, and deliberate.

94. Defendant TDM is directly, contributorily, and vicariously liable for the infringement of the Delta Marks.

95. As a result of Defendant TDM's acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant TDM will continue these acts, thereby causing Delta further immediate and irreparable damage.

## COUNT VIII
## VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS 510/2)

96. Delta realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 hereof as if set forth in full.

97. TDM's implicitly false claims described herein represent deceptive trade practices in that TDM falsely represents that it is authorized to purchase and/or sell Delta Cards and eGifts when such conduct is expressly prohibited by the terms and conditions associated with those products.

98. By engaging in this conduct, TDM creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

99. TDM's implicitly false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

100. TDM's implicitly false and misleading claims have cause, and will continue to cause, great, immediate, and irreparable harm to Delta's business reputation, loss of goodwill, loss of competitive advantage, and pecuniary damages.

101. As a result of Defendant TDM's acts, Delta has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant TDM will continue these acts, thereby causing Delta further immediate and irreparable damage.

## **PRAYER FOR RELIEF**

Delta prays for judgment against Defendant TDM that includes:

(a) A preliminary and permanent injunction enjoining Defendant TDM and any affiliated persons or entities (including its officers, directors, agents, employees, successors, and assigns and all others acting in knowing concert with them) from directly or indirectly:

   i. Buying, selling, or entering into any transaction involving any physical Delta Cards or eGifts;

   ii. Using any of the Delta Marks or any confusingly similar mark or designation in connection with the marketing, promotion, and/or

          sale of any gift cards, electronic gift cards, gift codes, or related products or services; and

    iii.    Using any of the Delta Marks or any confusingly similar mark or designation in any manner which implies any affiliation, connection, association with Delta and/or the origin, sponsorship, or approval of Delta with regard to any goods or services provided by Defendant TDM.

(b) Special and general damages to be proved at trial, including, but not limited to: (1) all profits received by Defendant TDM from the purchase and/or sale of Delta Cards and/or Delta eGifts; and (2) all profits received by Defendant TDM in connection with the infringement of any Delta Mark; and (3) Plaintiff's actual damages.

(c) The surrender of all physical Delta Gift Cards and all eGift codes to Delta;

(d) Reasonable attorney fees herein;

(e) Costs of suit incurred herein;

(f) Pre-judgment and post-judgment interest;

(g) Punitive damages;

(h) Damages up to three times the amount proved for deliberate and willful trademark infringement, unfair competition and dilution;

(i) Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Delta Air Lines, Inc. hereby demands a trial by jury as to all issues.

Respectfully submitted,

By: /s/ Jonathan P. Froemel
Jonathan P. Froemel
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646
Email: jfroemel@btlaw.com

Attorneys for Delta Air Lines, Inc.

Also:
/s/ Kelly O. Wallace_____
(*pro hac vice* application to be submitted)
WELLBORN & WALLACE, LLC
1175 Peachtree St. NE
100 Colony Square, Suite 300
Atlanta, GA 30361
Telephone: (404) 815-7714
Facsimile: (404) 815-9957
Email: Kelly@wellbornlaw.com